IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KALPESH SHAH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | NO. |
| v. ) | |
| ) | |
| BANK OF AMERICA, U.S. BANK, N.A., ) | |
| NATIONSTAR MORTGAGE; ) | Removed from Superior Court |
| UNNAMED DEFENDANTS DOE 1-100, ) | Bibb County 17CV67016 |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Nationstar Mortgage, LLC, ("Nationstar"), and U.S. Bank, N.A. ("U.S. Bank") (collectively the "Defendants"), by and through counsel, hereby file this Notice of Removal (the "Notice") seeking to remove this action from the Superior Court of Bibb County, Georgia to the United States District Court for the Middle District of Georgia, Macon Division. Removal is based upon federal question jurisdiction because a federal question appears on the face of the Complaint filed by Plaintiff, Kalpesh Shah ("Plaintiff"). Removal is also based upon diversity jurisdiction because Plaintiff and all properly joined Defendants – Unnamed Defendants Doe

1-100 ("Defendants Doe")[1] - have been joined fraudulently or as nominal Defendants- and each Defendant has complete diversity of citizenship and the amount in controversy exceeds $75,000.00.  In support of this Notice, Defendants state as follows:

## I.  Background.

1.  This case was filed by Plaintiff in the Superior Court of Bibb County, Georgia on June 30, 2017, Civil Action No. 17CV67016. (the "Complaint" or "Compl."). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as **Exhibit A**.

2.  The real property addressed in the Complaint is known as: 113 Hunters Trace, Macon, Georgia 31210 (the "Property").  (Compl. ¶¶ 4, 8).  In the

---

[1] The "fraudulent joinder doctrine" does not always deal with actual fraud and does not necessarily impugn the integrity of Plaintiff; instead it is a judicially created doctrine that provides an exception to the removal requirement of complete diversity in certain circumstances. *Willard v. United Parcel Service,* 413 F. Supp.2d 593 (M.D.N.C. 2006).  Absence of complete diversity defeats removal attempt that is based on diversity, unless parties destroying diversity have been fraudulently joined. *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011) (holding that plaintiff's fraudulent joinder of a non-diverse defendant will not defeat complete diversity); *Turpeau v. Fidelity Financial Services, Inc.,* 936 F.Supp. 975 (N.D. Ga. 1996) *affirmed* 112 F.3d 1173 (11th Cir. 1997).  (Discussed in more detail *infra.*).  Furthermore, for the purposes of a diversity jurisdiction analysis, the citizenship of nominal parties need not be considered, and nominal parties should be disregarded for purposes of determining diversity jurisdiction for removal. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980) *citing McNutt v. Bland,* 43 U.S. 9, 14 (1844) (A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.); *Broyles v. Bayless*, 878 F.2d 1400, 1403 (11th Cir. 1989); *Hernandez v. Seminole County,* 334 F.3d 1233, 1235-36 (11th Cir. 2003).

Complaint Plaintiff alleges claims for: (1) wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violation of Truth In Lending Act ("TILA") and the Home Ownership and Equity Act ("HOEPA"), 15 U.S.C. § 1601 *et seq.,*; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.,* and (10) rescission of the mortgage loan. (Compl. ¶¶ 50-139).

3. Defendants have not been served with a copy of Plaintiff's Complaint. Defendants reserve the right to raise any defenses related to improper service and/or improper service of process, *see* 28 U.S.C. § 1448 (defective or failed service prior to removal must be completed pursuant to Federal Rules of Civil Procedure after removal), and this Notice of Removal should not be construed as acceptance of service.

4. Thus, in filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights and motions.

**II.     This Notice of Removal is Timely Filed in the Proper Venue.**

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes of action.

6. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because Defendants have not been properly served with a copy of the Complaint. Accordingly, the time period for responding to the Complaint and for filing for removal has not run. *See* 28 U.S.C. § 1446(b)(2)(B).[2]

7. The United States District Court for the Middle District of Georgia, Macon Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. 28 U.S.C. § 90(b)(2).

### III.   This Court Has Federal Question Jurisdiction.

8. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent in Plaintiff's Complaint, it presents substantial questions of Federal law by alleging Defendants' purported violations of TILA and HOEPA, 15 U.S.C. § 1601 *et seq.,* and RESPA, 12 U.S.C. § 2601, *et seq.* (Compl. ¶¶ 119-135, Prayer for Relief).

9. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a),

---

[2] At the time of filing this Removal, a review of the docket in Superior Court of Bibb County, Georgia, Civil Action No. 17CV67016, reflects that Plaintiff has not filed a return of service of process upon any Defendant pursuant to O.C.G.A. § 9-11-4(h).

which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A federal question appears on the face of Plaintiff's Complaint, and these claims "arise under" federal law.

10. The Supreme Court has held that federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Board v. Constr. Laborers Vacation Trust,* 436 U.S. 1, 9 (1982) (explaining that "a case '[arises] under' federal law where the vindication of a right under state law necessarily turns on some construction of federal law").  As such, the resolution of this matter turns upon a federal question, and this Court has jurisdiction over this case. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 754 (11th Cir. 2010) (noting the removing defendant satisfies its burden when it "makes specific factual allegations establishing jurisdiction and can support them if challenged by plaintiff or the court with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations"); *Christman v. Jackson Hewitt, Inc.,*

379 Fed. App'x 956, 958 (11th Cir. 2010) (finding that federal question jurisdiction exists if "plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law.").

11. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010); *In re City of Mobile,* 75 F. 3d 605, 607 (11th Cir. 1996).

12. Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c). Accordingly, as the state court lawsuit is pending in the Superior Court of Bibb County, Georgia, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Middle District of Georgia, Macon Division.

### IV. This Court Has Diversity Jurisdiction.

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants have complete diversity of citizenship – Defendants Doe have been joined fraudulently or as a nominal defendants - and the

6

amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

14. Plaintiff reports his address as the same as the Property at issue in the Complaint. (Compl. ¶¶ 4, 8). Moreover, Plaintiff alleges in the Complaint that he is a resident of Bibb County, Georgia (Compl. ¶ 1). Upon information and belief, and based on the allegations in the Complaint, Plaintiff is a resident of Bibb County, Georgia and intends to remain in Georgia indefinitely. *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish contrary."). Since Plaintiff is domiciled in Georgia, he is a Georgia citizen. *Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

15. Defendant Nationstar is a foreign limited liability company and, therefore, is a citizen of all states of which its members are citizens. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). Nationstar has two members: Nationstar Sub 1 LLC ("Sub 1"), and Nationstar Sub2 LLC ("Sub 2"). Sub 1 has a 99% membership interest in Nationstar, and Sub 2 has a 1%

membership interest. Nationstar has no other members. Both Sub 1 and Sub 2 are Delaware limited liability companies. The sole member of both Sub 1 and Sub 2 is Nationstar Mortgage Holdings, Inc. ("NSM Holdings"). Sub 1 and Sub 2 have no other members. NSM Holdings is a Delaware corporation with its principal place of business in Coppell, Texas. Therefore, NSM Holdings is a citizen of Delaware and Texas. 28 U.S.C. § 1332(c) (providing that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."). Sub 1 and Sub 2 are citizens of Delaware and Texas because their citizenships are determined by the citizenship of NSM Holdings, their sole member. Likewise, because Sub 1 and Sub 2 are the only members of Nationstar, Nationstar is also a citizen of Delaware and Texas. Nationstar was not a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of the lawsuit or anytime thereafter.

16. Defendant U.S. Bank is a national banking association organized under the laws of the United States. As a national banking association, U.S. Bank is considered a citizen of the state in which it is located. *See* 28 U.S.C. § 1348. The United States Supreme Court has determined that the term "located" as used in 28 U.S.C. § 1348, refers to the place designated as a national bank's main office in its articles of association. Notably, the Supreme Court also recognized that a

national bank may be a citizen of the State where its home office is located. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America, N.A.,* No. 1:06-cv-00804-GET, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006)  ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). As designated in its articles of association, U.S. Bank's main office is located in Cincinnati, Ohio.  Under this definition, for the purposes of diversity jurisdiction, Defendant U.S. Bank is a citizen of Ohio because its articles of association establish that location as its main office.  U.S. Bank was not a citizen of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or anything thereafter.

17.     The presence of Defendants Doe do not defeat diversity. Defendants Doe are nominal or fraudulently joined defendants and therefore, their citizenship may be disregarded. *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011).

18.     Fraudulent joinder occurs when there is no "reasonable possibility" the plaintiff can establish a cause of action against the resident defendant. *Legg v.*

9

*Wyeth,* 428 F.3d 1317, 1324 (11th Cir. 2005). The "reasonable possibility" must be based on evidentiary fact and cannot be "merely theoretical." *Id. at* 1325. Other than mentioning that "Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property . . . Plaintiff is informed and believe, and therefore allege, that at all relevant times mentioned in this Complaint, each if the factiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them." (Compl. ¶ 5).

19.   Aside from the vague and non-specific allegations, there are no legitimate claims asserted against unnamed Defendants Doe in the Complaint. Plaintiff's Complaint fails to include any particularized factual allegations against Defendants Doe to support their inclusion as a parties to this lawsuit. *Shannon v. Albertelli Firm, P.C.,* 610 Fed. App'x 866, No. 14-11832, 2015 WL2114055 (11th Cir. May 7, 2015) (holding foreclosure law firm was fraudulently joined and no possible cause of action based upon purported defect in the notice of sale). Plaintiff does not make any allegations as to how, if at all, any of these so called fictitious entities were involved with the mortgage or the Property that is the

subject of this suit. Accordingly, Defendants Doe are fraudulently joined defendants as there is no possibility that Plaintiff can prove a cause of action. The citizenship of the fictitious Defendants Doe may be disregarded, and Defendants Doe need not join or consent in this Removal. *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350 (S.D. Ala. 2003).

20. The test for determining whether a party is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349,* 427 F.2d 325, 327 (5th Cir. 1970). In the present case, considering the allegations in Plaintiff's Complaint and the remedies he requests, this Court could certainly reach a judgment in the absence of Defendants Doe. On that basis alone, Defendants Doe can be considered nominal parties, and the citizenship of the fictitious Defendants Doe may be disregarded, and they need not join or consent to the Removal. *Hernandez v. Seminole County,* 334 F.3d 1233, 1235-36 (11th Cir. 2003)

21. Therefore, complete diversity of citizenship exists between Plaintiff and all properly joined Defendants.

22. Although defendants deny that Plaintiff is entitled to recover any amount and specifically deny that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs. Plaintiff does not pray for a sum certain in the Complaint, but it is evident that the amount in controversy exceeds $75,000.00. Plaintiff fails to plead an exact amount of damages, the object of the litigation is worth more than the $75,000.00 threshold. Where a party seeks equitable and/or injunctive relief, the value of the property or the object of the litigation determines the amount in controversy for purposes of diversity jurisdiction. *See Roper v. Saxon Mort. Servs., Inc.,* 2009 U.S. Dist. LEXIS 37794, *2 (N.D. Ga. May 5, 2009) (citing *Waller v. Prof's Ins. Corp.,* 296 F.2d 545, 547 (5th Cir. 1961)); *see also Leonard v. Enter. Rent-A-Car,* 279 F.3d 967, 973 (11th Cir. 2002) (holding that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the reimbursement object of the litigation that would flow to the Plaintiffs if the injunction were granted").

23. Plaintiff seeks equitable relief in the form of declaratory relief, quiet title, and to rescind the security deed. (Compl. ¶¶ 92-118). A copy of the Deed Under Power arising from the foreclosure sale reflects that the Property is worth

$265,057.42.[3]  A true and correct copy of the recorded Deed Under Power is attached hereto and marked as **Exhibit B**.

24. Accordingly, Defendants have proven by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000][4] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F3d 1069 (11th Cir. 2000).

25. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the properly joined parties - excluding the fraudulently or nominally joined defendants, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.  Accordingly, as the state court lawsuit is pending in the Superior Court of Bibb County, Georgia, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Middle District of Georgia, Macon Division.

---

[3] The Court is permitted to take judicial notice pursuant to Fed. R. Evid. 201, of the Deed Under Power attached as **Exhibit B**, which is a public record, pursuant to Fed. R. Civ. P. 12(d). *See* Fed. R. Evid. 201; *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

[4] *Tapscott* was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from *Tapscott* says "$50,000."

## V.     Consent of Defendants.

26.     This Notice is filed on behalf of Defendants and is based upon all properly joined and served parties.

27.     Upon information and belief, Defendants Doe have not been properly served with a copy of the Summons and Complaint. Accordingly, the consent of Defendants Doe is not required because the rule of unanimity of consent in removal does not require consent of defendants that have not been properly served. *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of process."). Furthermore, as discussed in more detail *supra,* the consent of Defendants Doe is not required because they are fraudulent and nominal defendants. *See Pensyl v. Terminix Int'l Co. LP,* 2010 U.S. Dist. LEXIS 35510, *4 (M.D. Ga. April 12, 2010) ("The 'nominal party' exception provides that 'nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal.'"); *Thompson v. Accent Capital,* 491 Fed. Appx 264, 265 (2nd Cir. 2012) ("Defendants who are joined fraudulently are not required to consent to the notice of removal.").

## VI. Notice of Removal Filed in Superior Court of Bibb County, Georgia.

28. Concurrently with this Notice, Defendants will file a copy of this Notice with the Superior Court of Bibb County, Georgia.

WHEREFORE, Defendants file this Notice of Removal and remove the civil action to the United States District Court for the Middle District of Georgia, Macon Division.

This 1st day of August, 2017.

                                                          /s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188
Paul A. Rogers
Georgia Bar No. 612278
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5636 (Telephone)
(404) 443-5772 (Facsimile)
progers@mcguirewoods.com
jmendel@mcguirewoods.com

*Attorneys for Defendants Nationstar Mortgage, LLC, and U.S. Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KALPESH SHAH | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, U.S. BANK, N.A., | ) | |
| NATIONSTAR MORTGAGE; | ) | Removed from Superior Court |
| UNNAMED DEFENDANTS DOE 1-100 | ) | Bibb County 17CV67016 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on the following via First-Class Mail, postage prepaid, addressed to:

Kalpesh Shah
113 Hunters Trace
Macon, Georgia 31210
*Pro Se Plaintiff*

/s/ Jarrod S. Mendel
Jarrod S. Mendel