# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| KALPESH SHAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-cv-292 (MTT) |
| | ) | |
| BANK OF AMERICA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendants Nationstar Mortgage, LLC. and U.S. Bank, N.A. have moved to

dismiss Plaintiff Kalpesh Shah's complaint for failure to state a claim pursuant to Fed. R.

Civ. P. 12(b)(6).  Doc. 7.  The motion is **GRANTED**.

## I. BACKGROUND

This is Shah's second lawsuit concerning the non-judicial foreclosure sale of a

residential property located at 113 Hunters Trace, Macon, Georgia 31210 resulting from

Shah's failure to make required mortgage payments.[1]  Doc. 7-1 at 2; *Kalpesh Shah v.*

*Bank of America, N.A.*, Superior Court of Bibb County, Georgia, No. 2011CV56185.

Shah executed a note in the principal amount of $256,500.00 and a security deed in

---

[1] Shah's previous complaint was dismissed by joint stipulation on April 12, 2013.  *Kalpesh Shah v. Bank of America, N.A.*, Superior Court of Bibb County, Georgia, Civil Action No. 2011CV56185.  Additionally, Shah has filed seven bankruptcy cases in tandem related to the foreclosure of the property, and each case was dismissed.  *In re Kalpesh Shah*, Bankruptcy Case No. 13-52020-JPS (Bankr. M.D. Ga.); *In re Kalpesh Shah*, Bankruptcy Case No. 13-52973-JPS (Bankr. M.D. Ga.); *In re Kalpesh Shah*, Bankruptcy Case No. 15-50257-JPS (Bankr. M.D. Ga.); *In re Kalpesh Shah*, Bankruptcy Case No. 15-62542-PMB (Bankr. N.D. Ga.); *In re Kalpesh Shah,* Bankruptcy Case No. 16-51142-JPS (Bankr. M.D. Ga.); *In re Kalpesh Shah,* Bankruptcy Case No. 16-52489-JPS (Bankr. M.D. Ga.); *In re Kalpesh Shah*, Bankruptcy Case No. 17-5093-JPS (Bankr. M.D. Ga.).

favor of lender Bank of America, N.A. (BANA) on May 21, 2004.  Docs. 1-1 ¶ 24; 7-2.[2]

BANA then transferred its rights, title, and interests in the security deed to U.S. Bank, an

assignment that was recorded on April 18, 2011.  Docs. 1-1 ¶ 25; 7-3.  At that time,

Nationstar became the servicer of Shah's loan on behalf of U.S. Bank.  Doc. 7-1 at 4.

Shah then defaulted on his mortgage payments, and a non-judicial foreclosure sale was

conducted on May 2, 2017.  *Id.*  U.S. Bank then purchased the property as the highest

bidder.  Doc. 7-4.  Shah filed this lawsuit on June 30, 2017 in the Superior Court of Bibb

County, Georgia, and the Defendants removed the case to this Court the next day.

Docs. 1, 1-1.  Shah asserts ten claims under federal and Georgia state law:  (1)

wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4)

intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7)

declaratory relief; (8) a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et*

*seq.*, and the Home Ownership and Equity Act (HOEPA), which amended TILA;(9) a

violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et*

*seq.*; (10) and seeks rescission of the mortgage loan.

---

[2] Under Fed. R. Evid. 201, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment."  *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see also Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999).  "Public records are among the permissible facts that a district court may consider."  *Universal Express*, 177 F. App'x at 53.  Moreover, a court may also consider documents attached to or referenced in a compliant when considering a motion to dismiss.  *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."); *see also Ray v. Bank of America, N.A.*, 2015 WL 11256939 (N.D. Ga. 2015) (stating that it was proper to consider attached documents because "[w]hile the propriety of the transactions memorialized may have been questioned, the authenticity of the documents considered was never directly challenged, and the documents were central to the claims asserted").

The Defendants now move to dismiss Shah's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. 7.  Shah, who is proceeding pro se, failed to respond to the Defendants' motion despite being ordered by the Court to do so.

## II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure require a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.  *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).  However, when a plaintiff is

proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed, although the pleading must still state a claim for relief. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III. WRONGFUL FORECLOSURE

Shah first argues that the foreclosure was wrongful because the Defendants lacked standing to foreclose on the property. Doc. 1-1 ¶ 51-62. To the extent Shah claims that only BANA had the right to foreclose based on the initial loan, that argument fails because BANA lawfully transferred its rights under the note to U.S. Bank. Doc. 7-2. And a mortgagee's assignee has the right to foreclose as a matter of law. O.C.G.A. § 23-2-114 ("Unless the instrument creating the power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor may exercise any power therein contained."). Next, Shah appears to argue that the process of securitization itself is per se improper and thus the Defendants lacked standing to foreclose. *See* Doc. 1-1 ¶ 50-62. This argument lacks merit, and Shah only provides conclusory allegations with no legal support. Indeed, that the loan was sold and securitized did not affect the Defendants' standing to foreclose on the property if, in fact, that right to foreclose was transferred, which it was. *See Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331, 1336 (N.D. Ga. 2014). Finally, Shah appears to argue the Defendants lacked standing because they violated the "pooling and servicing agreement" (PSA), which governs the rights and

obligations of U.S. Bank and BANA regarding the securitization of the loan, but Shah himself lacks standing to allege breach of the PSA because he is not a party to that agreement.  Docs. 1-1 ¶53; 7-1 at 12.

Moreover, to the extent Shah argues that the securitization of the loan altered his obligations to pay under the note, affecting the Defendants' standing to foreclose, that argument fails as well.  Despite the securitization of his loan, Shah was still obligated to make the payments owed under the note.  *See Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331, 1336 (N.D. Ga. 2014).  And because Shah was still obligated to pay under the note, he has failed to state a claim.

To state a claim of wrongful foreclosure under Georgia law, a plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Heritage Creed Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2007); *see also All Fleet Refinishing, Inc. v. West Georgia Nat. Bank*, 280 Ga. App. 676, 681, 634 S.E.2d 802, 807 (2006); *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 174, 733 S.E.2d 457, 462 (2012).  But if a party has not tendered or attempted to tender the payments owed under the note then any damage they suffered as a result of the foreclosure are because of their own actions, and not those of the Defendants, thus defeating any claim for wrongful foreclosure.  *See Heritage*, 268 Ga. App at 371-72, 601 S.E.2d at 845.  Here, Shah does not allege that he has either tendered the payments owed or attempted to do so.  Accordingly, Shah has failed to allege that any damages he suffered are a result of the Defendants' actions.  In addition, Shah has not alleged

any legal duty owed to him by the Defendants.  As such, he has failed to state a claim for wrongful foreclosure.

## IV. FRAUD CLAIMS

Next, Shah alleges the Defendants committed fraud in the inducement and fraud in the concealment.  Doc. 1-1 ¶ 63-79.  To state a claim for fraud, both in the inducement and concealment, a plaintiff must allege:  "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages."  *Lehman v. Keller*, 297 Ga. App. 371, 372-72, 677 S.E.2d 415, 417 (2009); *see also JarAllah v. Schoen*, 243 Ga. App. 402, 403-04, 531 S.E.2d 778, 780 (2000).  To allege a claim for fraud in the inducement, a plaintiff must also allege "that the defendant failed to perform a promised act and that the defendant had no intention of performing when the promise was made."  *Nash v. Roberts Ridge Funding, LLC*, 305 Ga. App. 113, 116, 6999 S.E.2d 100, 102 (2010).  Further, under Rule 9(b), fraud must be pled with particularity, which requires a plaintiff set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1362, 1371 (11th Cir.1997) (quotation marks and citation omitted).  And "in a case involving multiple defendants . . .

the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id.* at 1381 (quotation marks and citation omitted).

Here, Shah has made only conclusory allegations concerning misrepresentations on the part of the Defendants. He provides no specifics regarding these supposed misrepresentations. Moreover, he fails to sufficiently allege scienter or intent of the part of the Defendants, and he fails to allege with particularity the manner in which he relied on any purported misrepresentations. Additionally, as to the fraud in the inducement claim, Shah fails to allege the Defendants made any promise, without intention to keep, to which they failed to perform. Finally, Shah failed to comply with *Brooks*'s requirement that he inform each defendant of the nature of their alleged participation. As such, Shah has failed to state a claim as required by Rule 8(a)(2).

## V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim of intentional infliction of emotional distress, a plaintiff must allege that "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 179, 733 S.E.2d 457, 465 (2012) (quoting *Frank v. Fleet Finance Inc. of Ga.*, 238 Ga. App. 316, 317–318, 518 S.E.2d 717 (1999)); *see also Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 453, 651 S.E.2d 790, 792 (2007). And the alleged conduct "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Racette*, 318 Ga. App at 179, 733 S.E.2d at 465. Shah provides only conclusory allegations regarding the Defendants' purported intentional conduct. Doc. 1-

1 ¶ 80-90. In addition, the alleged conduct regarding the Defendants' handling of the loan and the servicing of the loan, does not rise to the level of extreme and outrageous conduct. *See id.* at 179, 733 S.E.2d at 465 ("[T]he [plaintiffs'] allegation that the [defendants] conducted the 2011 Foreclosure Sale despite knowing of inaccuracies in the published foreclosure advertisements cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency." (quotation marks and citation omitted). As such, Shah fails to state a claim for intentional infliction of emotional distress.

## VI. SLANDER OF TITLE

To state a claim of slander of title in Georgia, a plaintiff must allege (1) the uttering and publishing of slanderous words; (2) that the words were false; (3) that the words were malicious; and (4) that the plaintiff sustained special damages; and that the plaintiff possessed an estate in the property slandered. *Latson v. Boaz*, 278 Ga. 113, 114, 598 S.E.2d 485, 487 (2004) (citation omitted). Here, Shah provides only conclusory allegations and fails to specify the alleged falsities in the documents or the manner of publication. *See* Doc. 1-1 ¶ 91-98. Moreover, Shah's claim fails as a matter of law because he has not pled special damages as defined under Georgia law. Shah states merely that he "has incurred expenses in order to clear title to the Property." Doc. 1-1 ¶ 95. The Court construes this as stating Shah has suffered expenses in defending his title in response to the Defendants' actions. But costs incurred defending title, such as legal costs, are not the type of damages necessary to support a claim for slander of title. *See Veatch v. Aurora Loan Servs., LLC*, 331 Ga. App. 597, 602, 771 S.E.2d 241, 245 (2015) ("Costs of litigation and attorney fees 'do not constitute the

special damages necessary to support [a claim of slander of title].'" (alterations in original) (quoting *Sanders v. Brown*, 257 Ga. App. 566, 568, 571 S.E.2d 532, 535 (2002)); *see also M & M Mortg. Co. v. Grantville Mill, LLC*, 302 Ga. App. 46, 50, 690 S.E.2d 630, 633 (2010) (finding that costs incurred to remove a lien from a property did not constitute special damages). Accordingly, Shah has failed to state a claim for slander of title.

## VII. QUIET TITLE

Shah also alleges a claim to quiet title, arguing that the Defendants do not have an interest in the subject property. Doc. 1-1 ¶ 99-106. But the Court has already found that the Defendants do have an interest in the property and that the foreclosure was not wrongful. Accordingly, this claim necessarily fails. Further, to state a claim for quiet title under Georgia law, "a plaintiff must assert that he *holds* some current record title or current prescriptive title, in order to maintain his suit." *Smith v. Georgia Kaolin Co.*, 269 Ga. 475, 477, 498 S.E.2d 266, 267–68 (1998) (alteration in original) (quotations and citation omitted). Shah has not alleged that he has current or prescriptive title. Moreover, a "security deed operates as an absolute conveyance of title until the secured indebtedness is fully paid." *Connolly v. State*, 199 Ga. App. 887, 889, 406 S.E.2d 222, 224 (1991); *see also* O.C.G.A. § 44-14-60. And Shah has not alleged that he has paid or attempted to pay his obligations under the loan. Accordingly, Shah has failed to state a claim for quiet title.

## VIII. DECLARATORY RELIEF

Shah also seeks declaratory relief concerning the subject property. Doc. 1-1 ¶ 107-118. He essentially seeks a determination regarding the validity of his default on

the loan and the foreclosure sale. But the Court has already determined that the foreclosure was not wrongful and that the Defendants had an interest in the subject property. Thus, "the rights of the parties have already accrued," and Shah has not alleged "any necessity for a determination of the dispute to guide and protect [him] from uncertainty and insecurity with regard to the propriety of some *future* act or conduct." *State Farm Mut. Auto. Ins. Co. v. Hillhouse*, 131 Ga. App. 524, 525, 206 S.E.2d 627, 629 (1974). Accordingly, Shah fails to state a claim for declaratory relief.

### IX. TRUTH IN LENDING ACT (TILA) AND HOME OWNERHSIP AND EQUITY ACT (HOEPA) CLAIMS

Shah's claims for damages under TILA and HOEPA, which is a 1994 amendment to TILA, also fail.[3] Doc. 1-1 ¶ 119-128. To the extent Shah's claims for monetary damages are based on the actions of the original lender on the loan closing date of May 21, 2004, the Defendants were not a party to that transaction. Doc. 7-2. And those claims are barred by TILA's one-year statute of limitations. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984) (stating that the one-year statute of limitations under 15 U.S.C. § 1640(e) applies to claims for monetary damages under TILA); *see also Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 865 (11th Cir. 2011) ("TILA violations occur[ ] when the [loan] transaction is consummated . . . [a]nd [n]ondisclosure is not a continuing violation for purposes of the statute of limitations." (citation and quotation marks omitted)). Moreover, Shah does not state factual allegations that, if proven true, would establish his damages are a result of the Defendants' alleged statements or misrepresentations or any reliance by Shah on those statements or misrepresentations. *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001) ("[P]laintiffs must

---

[3] Shah mentions HOEPA, but his claims appear to be based on TILA. *See* Doc. 1-1 ¶ 119-128.

demonstrate detrimental reliance in order to be entitled to actual damages under TILA.").  Thus, Shah has failed to state a claim for actual damages.

Shah's claim for rescission is also barred by the statute of limitations.  Under TILA, a borrower may rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . , whichever is later."  15 U.S.C. § 1635(a).  But if a lender fails to provide certain TILA disclosure documents, then the borrower may rescind for up to three years after the transaction.  15 U.S.C. § 1635(f); *Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997).  Here, Shah is barred from rescission by both statutory periods.  Shah filed this complaint on June 30, 2017.  The loan at issue was consummated on May 21, 2004, and to the extent Shah attempts to rely on the transfer to U.S. Bank that occurred on April 18, 2011, that also occurred outside the statutory period.  Thus, his claim is untimely.  Shah argues the statute of limitations should be tolled due to the Defendants' nondisclosure, but "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations."  *Sampson*, 453 F. App'x at 865.

Moreover, Shah provides insufficient factual allegations regarding the Defendants' purported TILA violations.  Shah alleges that the "Defendants violated TILA/HOEPA by failing to provide [Shah] with accurate material disclosures required under TILA/HOEPA."  Doc. 1-1 ¶ 121.  However, Shah provides no further factual allegations regarding the Defendants' alleged failures.  Accordingly, Shah has failed to state a claim within the requirement of Rule 8(a), and he fails to state a claim.

## X. REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) CLAIM

Shah also attempts to state a claim pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.* Doc. 1-1 ¶ 129-135. To the extent Shah seeks to allege a claim under § 2604, there is no private right of action under that statute. *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010). Further, Shah provides only conclusory allegations concerning the purported RESPA violations and has failed to allege actual damages sufficient to support a claim under § 2605 or any other private right of action under RESPA. It appears that Shah alleges the Defendants did not properly notify him of the assignment of the loan. *See* Doc. 1-1 ¶ 133-34. If a servicer fails to comply with its obligations under RESPA or its regulations, plaintiffs can recover "any actual damages to the borrower as a result of the failure." *Baez v. Specialized Loan Servicing, LLC*, 2017 WL 4220292, at *1 (11th Cir. 2017) (quoting 12 U.S.C. § 2605(f)(1)(A)). But Shah fails to provide any factual allegations concerning these purported violations. Additionally, as to the damages he incurred, he states merely that he has suffered damages "[a]s a proximate result of Defendants' actions." Doc. 1-1 ¶ 135. This is insufficient to place the Defendants on notice of how their actions caused harm, and, thus, Shah has failed to state a claim under RESPA.

## XI. CLAIMS AGAINST BANK OF AMERICA AND DOE DEFENDANTS

Bank of America (BANA), which is not a party to the motion to dismiss, is named in the caption of the complaint, although Shah does not appear to make any allegations against BANA. Indeed, Shah's claims appear instead to relate to the foreclosure and servicing of his loan after BANA transferred its interests to U.S. Bank. Further, Shah

also names Doe Defendants 1-100[4], but the Court cannot identify these individuals from the complaint and thus those claims are subject to *sua sponte* dismissal. *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir.2010).

Moreover, the claims against BANA and the Doe Defendants, as well as the action as a whole, are subject to dismissal because Shah has failed to prosecute this claim and comply with the Court's order. Shah failed to respond to the motion to dismiss and was therefore ordered by the Court to do so. Doc. 14. However, Shah still failed to respond and, moreover, has not taken any action in this case since its removal. Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir.2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)) (quotation marks omitted). Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its prior decisions. *Id.* Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to comply with a court order. Accordingly, the claims against BANA and the Doe Defendants are due to be dismissed along with Shah's other claims.

---

[4] At one point, Shah names "Unnamed Defendants Doe 1-100" (Doc. 1-1 at 3) but at others names "Unnamed Does 1-10" (Id. at 2). Regardless, the claims are subject to dismissal.

## XII. CONCLUSION

For the reasons stated, Shah has failed to state a claim against Defendants U.S. Bank and Nationstar Mortgage, and their motion to dismiss (Doc. 7) is **GRANTED**. Further, the Court *sua sponte* **DISMISSES** Shah's claims against Bank of America and Doe Defendants 1-100.  Accordingly, Shah's complaint (Doc. 1-1) and the claims therein are **DISMISSED without prejudice**.[5]

**SO ORDERED**, this the 1st day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] As stated, the statute of limitations has run for some of Shah's claims.  "Where a dismissal without prejudice has the effect of precooling the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice."  *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).  While the Court is dismissing without prejudice, a dismissal with prejudice would be appropriate in this case because Shah has failed to respond to the Defendants' motion to dismiss despite given additional time to do so and the Court ordering him to do so.